**In re BENAY–ALBEE NOVELTY CO., INC., Chapter 11 Debtor.**

**Bankruptcy No. 91–42315–T.**

United States Bankruptcy Court,
E.D. Virginia,
Newport News Division.

July 27, 1992.

---

Michael P. Cotter, Vandeventer, Black, Meredith & Martin, Norfolk, Va., for debtor.

Carol Weiner Levy, Schulte Roth & Zabel, New York City, for Rubies Costume Co., Inc. & Newport Hat & Cap Co.

James R. Sheeran, Marcus, Santoro & Kozak, Portsmouth, Va., for National Felt Co., Inc. & Jacobson Hat Co.

Thomas Cabaniss, Ann R. Bergan, McGuire, Woods, Battle & Boothe, Norfolk, Va., for Nationsbank of Virginia, N.A.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

On March 4, 1992, the court held a hearing on the debtor-in-possession's motion to sell all of its tangible personal property consisting of manufacturing and office equipment to Newport Hat & Cap Co., Inc. (Newport Hat), a subsidiary of Rubies Costume Co., Inc., for the sum of $170,000.00 cash. The debtor was the operator of a hat manufacturing facility in Newport News, Virginia, which at the time of hearing employed approximately 70 persons. The sale was to be out of the ordinary course of business pursuant to 11 U.S.C. § 363.

The proposed sale was opposed by another bidder for the assets, Jacobson Hat Company.

Debtor's chief executive officer, a stockholder of debtor, testified that he had accepted Newport Hat's bid in large part because this purchaser had indicated an intent to conduct a hat manufacturing business in debtor's present location and retain debtor's employees, including present management. Debtor's stockholders are the owners of this facility. Conversely, the debtor had rejected a somewhat higher bid by Jacobson because Jacobson intended to close down the Newport News facility and remove the assets to its plant in Scranton, Pennsylvania.

Given the interest of both Newport Hat and Jacobson to purchase debtor's assets, the court conducted a courtroom auction, at which Jacobson was the high bidder for the assets at a sum of $730,000.00 cash. However, debtor's counsel implicitly urged the court not to accept Jacobson's high bid and suggested that the court consider the fact that approval of this bid would result in the loss of a local Virginia business employing a substantial number of employees.

The court rejected debtor's suggestion to consider this result of the sale to Jacobson for the following reasons: (1) The fundamental purpose of a sale of debtor's assets is to benefit creditors; (2) the parties here had agreed to submit to an auction, and it should have been understood that the high

bidder would purchase the assets; (3) moreover, the method used here was the only fair way to sell the debtor's assets as it would be impossible for the court to place a value on the retention of a local business; and (4) the United States Bankruptcy Court is a national court, and in the context presented here this court could not appropriately choose one locality, Virginia, over another, Pennsylvania.

The court consequently approved the sale to Jacobson in the amount of $730,000.00, and on July 27, 1992, an order approving the sale was entered. The sale was subsequently completed in accordance with the bid.